JAMES S. MALSEED, respondent,

*v.*

ANNETTE P. MALSEED, appellant.

[Argued October term, 1931. Decided February 1st, 1932.]

*Messrs. Palmer & Powell,* for the appellant.

*Messrs. Low & Stevens,* for the respondent.

The opinion of the court was delivered by

LLOYD, J.

This was a divorce case in which the husband brought suit based on desertion and the wife counter-claimed, alleging adultery, and praying that she be awarded a divorce, the custody of their children, and that the husband be compelled to support the children and herself. The case was referred to an advisory master who recommended a decree dismissing both the petition and the counter-claim.

The wife appeals, contending that on the proofs the decree should have been in her favor, in accordance with the prayer of the counter-claim.

The parties were married in 1910 and have three children now nearing their majority. The business of the husband necessitated his absence from home during the later years of their married life and it was during the years 1929 and 1930 that the misconduct on which the wife's counter-claim was based occurred.

The proofs established that while living in New York the husband met a woman named Bertha McCaffrey; that he later moved to Washington and occupied an apartment in that city. While there, Bertha McCaffrey, with knowledge that Malseed was a married man, visited him on three different occasions during the months of September, October and November, 1929, staying several days at a time on each occasion. During the summer of 1930 she occupied with the petitioner an apartment in Washington consisting of a living room, kitchen and bath, and was known and addressed by persons having business relations with the parties as Mrs. Malseed. When asked to explain her visits to the petitioner her answer was that it remained to be seen whether it was a visit. On one of these visits in the fall of 1929, the wife and two friends found Malseed and the McCaffrey woman late at night in the apartment under circumstances strongly evidencing improper sexual relations.

On these and other proofs, not in serious dispute, we think it is clear that the illicit sexual relations between the peti-

tioner and the McCaffrey woman were established, and that a decree of divorce should have been granted to the wife and the further relief prayed for in the counter-claim awarded.

The decree is reversed to the end that such decree may be entered, custody of the children awarded to the wife and that the respondent be decreed to pay such sum of money for support as the proofs may justify.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 15.